IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY CHAVEZ,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    Case No. CIV-15-249-L
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of the Social Security)
Administration,                    )
                                   )
        Defendant.                 )

## REPORT AND RECOMMENDATION

Plaintiff, Anthony Chavez, seeks judicial review of the Social Security Administration's denial of supplemental security income (SSI). This matter has been referred by United States District Judge Tim Leonard for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.[1]

**I.    Procedural Background**

Plaintiff protectively filed his current application for SSI on August 15, 2011 and alleged a disability onset date of March 1, 2007. He later amended his alleged onset date to the protective filing date, August 15, 2011. The Social Security Administration denied the application initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 10], 14-24. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the

---

[1] Citations to the parties' submissions, as set forth herein, refer to the Court's Electronic Case Filing (ECF) pagination.

ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. § 416.920(a)(4). The ALJ first determined that Plaintiff had not engaged in substantial gainful activity during the relevant period. AR 16. At step two, the ALJ determined that Plaintiff has the following severe physical and mental impairments: degenerative disc disease of the lumbar spine; degenerative joint disease; bilateral knees, status post bilateral 1988 ACL repair surgeries; obesity; hypertension; generalized anxiety disorder; depression – not otherwise specified; and methamphetamine abuse – early partial remission. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19.

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work except that he can only:

- occasionally climb, balance, stoop, kneel, crouch, and crawl;
- understand, remember, and carry out simple instruction;
- make only simple work-related decisions; and
- deal with only occasional changes in work processes and environments.

AR 21.

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a construction carpenter or supervisor carpenter, both jobs identified as skilled work. AR 23. At step five, the ALJ considered Plaintiff's age, education, work experience and RFC and the

2

testimony of a vocational expert (VE). The ALJ determined Plaintiff could perform other jobs identified as unskilled and performed at the light exertional level including small parts assembler, packing line worker and repack worker and that these jobs exist in significant numbers in the local and national economy. AR 23-24. The ALJ concluded, therefore, that Plaintiff was not disabled during the period under review for purposes of the Social Security Act. AR 24.

## III.     Plaintiff's Claims

Plaintiff's brief contains lengthy recitations of case law and regulations governing, in generalized fashion, the RFC determination that an ALJ is required to make. Plaintiff's counsel espouses the holdings of various cases and the requirements of certain regulations without demonstrating how the specific factual findings made by the ALJ in this case are erroneous. Virtually no reference is made to specific evidence in the record. This Court will not comb the record to locate evidence that might support any alleged claims of error. *See, e.g., SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (appellant must provide "essential references to the record to carry burden of proving error"); *see also Bird v. Regents of New Mexico State University*, 619 F. App'x 733, 740 (10th Cir. 2015) (recognizing that district courts "have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it") (citation omitted). Nor will the Court consider insufficiently developed arguments. *Compare Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (noting "scattered statements in plaintiff's

step-four argument" and concluding that "perfunctory" allegations of error, which "fail to frame and develop an issue," are insufficient "to invoke appellate review").[2]

With these governing principles in mind and despite the deficient briefing, when parsed, Plaintiff brings two claims challenging the ALJ's RFC determination. Plaintiff claims the ALJ failed to include proper work-related limitations with respect to 1) mental limitations caused by his anxiety and depression and 2) physical limitations caused by his right third-finger injury on his dominant right hand and his knee impairments. He also claims the testimony of the VE does not constitute substantial evidence to support the ALJ's RFC determination.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable

---

[2] Notably, Plaintiff is represented by counsel. In juxtaposition, even a pro se litigant is not entitled to advocacy by the Court in the form of "serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. <u>Analysis</u>

### A. The ALJ's RFC Determination as to both Mental and Physical Exertional Limitations is Compliant with SSR 96-8p and Supported by Substantial Evidence

As his first claim of error, Plaintiff challenges three aspects of the ALJ's RFC determination. First, Plaintiff asserts that the ALJ did not properly reflect, in terms of work-related functions, his mental limitations due to anxiety and depression.[3] Second, Plaintiff contends the ALJ did not include a physical exertional limitation resulting from Plaintiff's third-finger injury on his dominant right hand. And third, Plaintiff claims the ALJ did not properly account for the degree of physical exertional limitation resulting from Plaintiff's knee impairments. Each of these challenges is addressed below.

#### 1. The ALJ Properly Assessed Plaintiff's Mental Limitations from Depression and Anxiety in Terms of Work-Related Functions

Plaintiff first claims the ALJ erroneously equated his "anxiety and depression symptomology with the need for simple work." *See* Plaintiff's Brief at p. 7. Plaintiff states that: "if [he] gets severely depressed or has an anxiety attack, it will not matter how much skill is required in his specific job, the anxiety and depression symptomology will prevent any work." *Id.* Plaintiff grounds this argument in the requirements of Social Security Ruling (SSR) 96-8P,

---

[3] Plaintiff also claims the ALJ failed to properly address his headaches. In his lengthy brief, Plaintiff references the word "headaches" only twice. *See* Plaintiff's Brief at pp. 10, 11. And then, Plaintiff fails to cite any medical or other evidence in the record with respect to Plaintiff's headaches. Any alleged error with respect to limitations related to Plaintiff's headaches is insufficiently developed and the Court, therefore, does not consider it.

5

1996 WL 374184 (July 2, 1996), governing how a claimant's nonexertional impairments are to be considered.

As explained in SSR 96-8p, "[n]onexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength; i.e., all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions." *Id*. at *6. Nonexertional capacity includes the assessment of an individual's ability to perform mental activities such as "understanding and remembering instructions and responding appropriately to supervision." *Id.* "As with exertional capacity, nonexertional capacity must be expressed in terms of work-related functions." For example, "[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id*.

In support of his claim that the ALJ did not follow the requirements of SSR 96-8p because he confused "equating anxiety and depression symptomology with the need for simple work," Plaintiff cites *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012) and *Groberg v. Astrue*, 505 F. App'x 763 (10th Cir. 2012). *See* Plaintiff's Brief at p. 8. In each of those cases, the court determined that the ALJ's RFC limiting the claimant to "simple" or "unskilled work" did not sufficiently address a claimant's mental impairments.[4] Most recently, however, the Tenth

---

[4] As the Commissioner points out, in *Groberg*, the court addressed the issue in the context of a prevailing party award of fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Groberg* is distinguishable from the instant case. In *Groberg*, the ALJ identified only unskilled jobs that the claimant could perform and included no mental limitations in the RFC. The Tenth Circuit stated that "[a] limitation to 'simple work' or 'unskilled jobs' is *generally* insufficient to address a claimant's mental impairments." *Id*. at 770 (emphasis added).

Circuit has recognized, in an unpublished opinion, that the circuit law appears to be in flux as to whether the relationship between mental limitations and skill level are interchangeable in certain circumstances.[5]

In this case, all jobs identified by the ALJ at step five are unskilled. *See* AR 23-24.[6] But the ALJ did not simply find Plaintiff could perform unskilled work – or, as Plaintiff references it, "simple work." *See, e.g.,* Plaintiff's Brief at pp. 11, 12. Instead, the ALJ expressly included in the RFC work-related functional limitations due to Plaintiff's mental impairments. The ALJ limited Plaintiff to the ability "to understand, remember, and carry out simple instructions," to "make only simple work-related decisions" and to "deal with only occasional changes in work processes and environments." AR 21.[7] Therefore, Plaintiff's mental limitations are expressed in terms of work-related functions and not merely accounted for by a potentially overbroad limitation to "unskilled work." Indeed the Tenth Circuit has affirmed a substantially similar, if not identical, RFC on a factually analogous record. *See Richards v. Colvin*, -- F. App'x --, 2016 WL 556745 at *3 (10th Cir. Feb. 12, 2016) (unpublished op.) (acknowledging that restrictions in an RFC such as limiting the claimant to "understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions . . . or even a limitation to

---

[5] *See Evans v. Colvin*, -- F. App'x --, 2016 WL 362438 at **5-6 (10th Cir. Jan. 29, 2016) (unpublished op.) (discussing, in context of EAJA fee award, conflicting Tenth Circuit case law addressing whether "a restriction to unskilled work can account for a mental impairment").

[6] Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). Further, SSR 85–15 provides that "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *Id.*, 1985 WL 56857 at *4 (Jan. 1, 1985).

[7] The ALJ relayed these same limitations in his hypothetical to the VE. AR 57-58.

'unskilled work' . . . can adequately account for a claimant's mental impairments depending on their nature."). Because Plaintiff wholly ignores these express mental functional limitations in the ALJ's RFC determination, Plaintiff's claim is meritless. *See id.*, 2016 WL 556745 at *3 (rejecting the claimant's challenge to the ALJ's RFC determination as to her mental limitations, and stating that the claimant "ignores the [ALJ's simple-work] limitations and consequently neglects to explain why they do not adequately address her mental impairments").

Moreover, the record supports these limitations. As the Commissioner notes, the state agency physician opined that Plaintiff has no "severe" mental impairments. AR 460; *see also* AR 482. The ALJ rejected this opinion, in part, because he found at step two that Plaintiff's mental impairments were severe. AR 16, 22.[8]

Plaintiff does not articulate what additional limitations should have been included in the RFC. Nor does Plaintiff point to any evidence of record that would require additional limitations. Indeed Plaintiff fails to identify any particular findings by the ALJ in challenging the RFC determination and, as discussed, wholly ignores the ALJ's findings that defeat his claim of error. Accordingly, Plaintiff fails to establish reversible error based on the mental limitations as expressed by the ALJ in the RFC. This claim, therefore, should be rejected.[9]

---

[8] The ALJ stated that he "considered, and assigned some weight to the opinion of the State agency physicians who opined the claimant's mental impairments were not severe" and "concurred the claimant can perform sustained work activity despite later medical evidence of record showed that mental impairments are 'severe.'" AR 22. Plaintiff does not challenge this finding. *Compare Evans*, 2016 WL 362438 at *5 (noting that "a restriction to unskilled work can account for a mental impairment . . . when an ALJ credits a medical-source opinion that a claimant's concentration deficit does not affect the ability to do unskilled work").

[9] Although not addressed by Plaintiff, the Court notes that for purposes of his step-three findings, the ALJ determined that Plaintiff has moderate difficulties with respect to concentration, persistence or pace. AR 20. The ALJ imposed greater restrictions than the state agency physician who found only mild difficulties in this area. AR 470. The step-three findings are not . . . cont'd . . .

### 2. Plaintiff's Third-Finger Injury does not Support Additional Limitations not Included in the ALJ's RFC Determination

Plaintiff next claims the ALJ did not incorporate physical limitations resulting from injury to Plaintiff's right hand and, specifically, his right middle finger which Plaintiff states: "doesn't bend at all." *See* Plaintiff's Brief at p. 14. Plaintiff challenges the ALJ's reliance on the findings of the consultative examiners that Plaintiff has "normal hand skills." *Id*. *See also* AR 18 (ALJ's decision citing findings of consultative examiners on February 17, 2010 and October 28, 2011).

Plaintiff points to the consultative examiner's notes indicating that Plaintiff had limited range of motion in flexion and extension of his third finger, an inability to flex his third finger and "positive Tinel's sign" on the right hand. *See* Plaintiff's Brief at p. 15 (*citing* AR 325). But the consultative examiner took his own findings into account and despite these limitations concluded that Plaintiff had "normal hand skills" and that "[f]inger to thumb opposition is adequate" and "[f]ine tactile manipulation of objects is normal." AR 326. *See also* AR 329 (finding claimant can "effectively oppose the thumb to the fingertips," "manipulate small objects," and "effectively grasp tools such as a hammer"). Plaintiff cites to no other evidence in the record that would support functional limitations due to Plaintiff's third-finger injury. The

---

an RFC assessment. *See* SSR 96-8p, 1996 WL 374184 at *4. Moreover, the Tenth Circuit held in *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) that a claimant's moderate limitations with respect to concentration, persistence and pace were adequately addressed by an RFC limiting him to unskilled work. *See also Richards*, 2016 WL 556745 at *3 (recognizing holding in *Vigil* and rejecting the alleged error with respect to the ALJ's RFC determination where the claimant did not challenge the ALJ's findings that she had moderate limitations in social functioning, concentration, persistence and pace and did not explain "why, consistent with [the court's] holding in *Vigil*, her RFC's limitations regarding simple instructions and simple work-related decisions do not adequately address her problems with concentration, persistence, and pace."); *Berumen v. Colvin*, -- F. App'x --, 2016 WL 519381 at *3 (10th Cir. Feb. 10, 2016) (accord; *citing Vigil*).

Court finds no error based on the ALJ's reliance on the opinion of the consultative examiner. Moreover, even if the evidence could be considered "conflicting" with respect to any limitations due to Plaintiff's third-finger injury, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Thus the ALJ's RFC is supported by substantial evidence and this claim of error should be denied.[10]

### 3. The ALJ Properly Accounted for Limitations Resulting from Plaintiff's Knee Impairments in the RFC Determination

Plaintiff further contends that Plaintiff's knee surgeries and related impairments reflect that Plaintiff "is not a man with the capability to perform light work standing and walking a 'good deal' of the day." *See* Plaintiff's Brief at p. 14. But Plaintiff does not cite any objective medical or other evidence to determine whether his knee impairments require limitations in addition to those the ALJ included in the RFC. *See* 20 C.F.R. § 416.945(a)(3) (addressing evidence to be considered in assessing RFC).[11]

The ALJ's RFC determination limited Plaintiff to occasional climbing, balancing, stooping, kneeling, crouching and crawling. AR 21. Thus, the ALJ incorporated certain

---

[10] The ALJ rejected as non-credible Plaintiff's subjective claims of limitations resulting from his right-hand impairment. Plaintiff testified in response to questions by his attorney that he cannot make a fist, has trouble "opening jars or doors or anything" and cannot "pick[] stuff up." AR 43. The ALJ found, in part, that although Plaintiff reported he was limited in his abilities, "medical records noted that on April 11, 2011, the claimant fell while diving for a ball at a church volleyball game." AR 22 (citation omitted). The ALJ's credibility findings have not been challenged by Plaintiff. Additionally, no medical evidence supports the degree of limitations to which Plaintiff testified.

[11] Plaintiff relies only on a notation by the consultative examiner that his "knees demonstrate bilateral deformity, there is crepitus on flexion/extension noted" and "evidence of joint enlargement compatible with degenerative disease." *See* Plaintiff's Brief at p. 14 (*citing* AR 325).

physical limitations related to Plaintiff's knee impairments. The ALJ gave great weight to the opinions of the State agency physicians who opined Plaintiff could perform light work. AR 22 (*citing* AR 474-483). The ALJ rejected the opinion of Dr. Hoffman who found more restrictive limitations. AR 22. Plaintiff does not raise any claim of error with respect to the ALJ's rejection of Dr. Hoffman's opinion.[12] Plaintiff's vague challenge to the RFC assessment based on limitations resulting from his knee impairments fails to demonstrate any error by the ALJ.

> B. **The VE's Testimony is Substantial Evidence in Support of the ALJ's RFC Determination**

As his second claim of error, Plaintiff states that the ALJ's hypotheticals to the VE were "result-oriented" and, therefore, the VE's testimony "cannot constitute substantial evidence to support the ALJ's findings." *See* Plaintiff's Brief at p. 16. According to Plaintiff, because the VE opined that a person with a limitation to frequent fingering with the right hand could not perform the jobs identified at step five, the ALJ erred by not including that limitation in the RFC. *See,e.g.,* Plaintiff's Brief at p. 19 ("The difficulties manifested by Mr. Chavez's hand impairment were asked by the ALJ, but he rejected that portion of the testimony of the expert."). But the ALJ is not bound by the VE's testimony because the ALJ ultimately did not find the evidence warranted such a limitation in the RFC. *See Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (VE testimony not binding on the ALJ where the hypothetical posed to the VE included impairments not accepted as true by the ALJ); *see also Grissom v. Barnhart*, 139 F. App'x 932, 933 (10th Cir. 2005) ("[The ALJ] properly disregarded that part of the VE's testimony made in response to a hypothetical that included impairments not supported in the record.").

---

[12] Dr. Hoffman treated Plaintiff one time in April 2012. AR 543-44. The treatment records identify as the reason for Plaintiff's admission to the treatment facility "meth." AR 543. Dr. Hoffman imposed the following physical limitations on Plaintiff: no squatting or kneeling, no lifting more than ten pounds and no walking or standing for more than fifteen minutes. AR 544.

11

Plaintiff's reliance on *Campbell v. Bowen*, 822 F. 2d 1518 (10th Cir. 1987) is misplaced. There, the Tenth Circuit noted that "[a]n administrative law judge may not ask a vocational expert a hypothetical question based on substantial evidence and then ignore unfavorable answers." *Id*. at 1523 n. 6. The Tenth Circuit found that "[t]he questions asked by the ALJ in this case were based on substantial evidence." *Id*. Notably, the record evidence in *Campbell* established the claimant's right knee condition limited his ability to use a ladder or climb stairs. Both the claimant's consultative physician and the agency's consultative physicians acknowledged the claimant's limited ability to do work that involved climbing. Yet, the ALJ ignored the VE's testimony that with such limitations, the jobs identified would be eliminated. *Id*. at 1523.

Here, the Court has discussed the evidence relied upon by the ALJ to find that a frequent fingering limitation did not need to be included in the RFC. The consultative examiner determined that even with Plaintiff's third-finger injury, he had normal hand skills. Unlike *Campbell*, Plaintiff points to no substantial evidence requiring a frequent fingering limitation. Accordingly, the ALJ was not required to accept the VE's testimony. And, the ALJ's RFC was otherwise supported by substantial evidence. *Compare Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (response to hypothetical question that included all limitations that ALJ ultimately included in his RFC assessment, but not all limitations claimed by the plaintiff, constituted substantial evidence for ALJ's disability decision); *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (stating that hypothetical to vocational expert "must include all (and only) those impairments borne out by the evidentiary record"). Plaintiff's second claim of error, therefore, lacks merit and should be denied.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 2, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of February, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE